**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAFER CHEMICALS, HEALTHY FAMILIES; et al., | No.   17-72260 |
| Petitioners, | |
| v. | MEMORANDUM* |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER,** Administrator, United States Environmental Protection Agency, | |
| Respondents, | |
| AMERICAN CHEMISTRY COUNCIL; et al., | |
| Respondents-Intervenors. | |

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, | No.   17-72501 |
| Petitioner, | |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER, | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      Andrew Wheeler has been substituted for his predecessor, Scott Pruitt, under Fed. R. App. P. 43(c)(2).

Administrator, United States Environmental Protection Agency,

Respondents,

AMERICAN CHEMISTRY COUNCIL; et al.,

Respondents-Intervenors.

| | |
|---|---|
| ALLIANCE OF NURSES FOR HEALTHY ENVIRONMENTS; et al., | No. 17-72968 |
| Petitioners, | EPA No. EPA-HQ-OPPT-2016-0636 |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent, | |
| AMERICAN CHEMISTRY COUNCIL; et al., | |
| Respondents-Intervenors. | |

| | |
|---|---|
| ALLIANCE OF NURSES FOR HEALTHY ENVIRONMENTS; et al., | No. 17-73290 |
| Petitioners, | EPA No. EPA-HQ-OPPT-2016-0654 |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | |

Respondent,

AMERICAN CHEMISTRY COUNCIL; et al.,

Respondents-Intervenors.

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, | No. 17-73383 |
| Petitioner, | EPA No. EPA-HQ-OPPT-2016-0654 |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER, Administrator, United States Environmental Protection Agency, | |
| Respondents, | |
| AMERICAN CHEMISTRY COUNCIL; et al., | |
| Respondents-Intervenors. | |

| | |
|---|---|
| SAFER CHEMICALS, HEALTHY FAMILIES; et al., | No. 17-73390 |
| Petitioners, | EPA No. EPA-HQ-OPPT-2016-0654 |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER, Administrator, United States Environmental Protection Agency, | |

3

Respondents,

AMERICAN CHEMISTRY COUNCIL; et al.,

Respondents-Intervenors.

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted May 16, 2019
Seattle, Washington

Before: O'SCANNLAIN and FRIEDLAND, Circuit Judges, and PAULEY,[***] District Judge.

Petitioners challenge two rules promulgated by the Environmental Protection Agency ("EPA" or the "Agency") under the Toxic Substances Control Act ("TSCA" or the "Act")—specifically, EPA's Prioritization Rule and its Risk Evaluation Rule (collectively, the "Framework Rules"). Petitioners argue that various provisions of the Framework Rules violate TSCA's requirements, including, as relevant here, TSCA's mandate that EPA consider all "reasonably available" information in carrying out the Act.[1] EPA seeks voluntary remand on

---

[***] The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

[1] TSCA requires that "the Administrator . . . take into consideration information relating to a chemical substance or mixture, including hazard and

4

three of the provisions that Petitioners have challenged. We grant EPA's requested remand of those three provisions. We hold that we have jurisdiction over Petitioners' challenges to two other information-gathering provisions, but that the challenges lack merit.[2]

1. "[C]ourts [generally] only refuse voluntarily requested remand when the agency's request is frivolous or made in bad faith." *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012); *see also Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) ("We commonly grant [agency remand] motions, preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.").

EPA asks the court to vacate and remand one of the challenged provisions in the Petition for Review—40 C.F.R. § 702.31(d), which criminally penalizes submission of inaccurate or incomplete information to EPA. All parties agree that remand and vacatur of this rule is appropriate. Because we conclude that this request is neither frivolous nor made in bad faith, we agree that remand with vacatur is appropriate.

---

exposure information, under the conditions of use, that is reasonably available to the Administrator." 15 U.S.C. § 2625(k).

[2] We resolve the remainder of Petitioners' claims in a concurrently filed opinion.

EPA seeks remand without vacatur on two other information-gathering provisions challenged by Petitioners. Both fall within 40 C.F.R. § 702.37, which relates to manufacturer requests for risk evaluations. Specifically, EPA seeks remand on what it calls the "relevancy" provision, which requires manufacturers to include certain relevant information in a risk evaluation request (§ 702.37(b)(4)), and the "consistency" provision, which requires that such information be consistent with certain scientific standards (§ 702.37(b)(6)). As with 40 C.F.R. § 702.31(d), we conclude that EPA's request for remand is not frivolous or made in bad faith.

EPA asserts that it "believes that [Petitioners'] concerns about these [two] provisions can be addressed through modifications to the language of the regulations," and it contends that "the unintended consequences of the Relevancy and Consistency Provisions that Petitioners allege are not serious," because "[e]ven if a manufacturer were to rely on those provisions to withhold information, EPA has independent authority to collect that information or require development of new information as needed to conduct its risk evaluations." Accepting EPA's representation that it can address Petitioners' concerns, we agree with EPA that remand without vacatur is appropriate with respect to the challenged provisions of 40 C.F.R. § 702.37. *See Cal. Cmtys. Against Toxics*, 688 F.3d at 992 (holding that "[a] flawed rule need not be vacated," and "'when equity demands, the regulation can be left in place while the agency follows the necessary procedures' to correct

6

its action" (quoting *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1405 (9th Cir. 1995))).

2. With respect to the two remaining information-gathering provisions on which EPA does not seek voluntary remand, the Agency argues that Petitioners lack standing to challenge the provisions and that Petitioners' challenges fail on the merits. We hold that we have jurisdiction because Petitioners allege sufficient theories of injury to support standing but that the challenges fail on the merits.

Petitioners challenge 40 C.F.R. § 702.9(b) as erecting a "screen" that excludes some "reasonably available information" from EPA's consideration. Petitioners argue that they are injured by this provision because it means that "EPA need never notify the public that the information exists, preventing the public from assessing it and commenting on its significance." But 40 C.F.R. § 702.9(b) describes only the Agency's "expectation" that it will consider scientific evidence "consistent with" the standards in 15 U.S.C. § 2625(h). It does not categorically remove any types of evidence from consideration, and it does not require the Agency to violate the requirement in TSCA that the Agency consider all relevant information. Contrary to Petitioners' assertion, this provision therefore does not screen or exclude any information from the Agency's consideration.

Petitioners also challenge 40 C.F.R. § 702.5(b) and (e), two subsections of a provision dealing with EPA's selection of chemicals as either high- or low-priority

7

substances. Petitioners argue that these provisions violate TSCA because, under their terms, EPA will only consider whether it has sufficient information for purposes of *prioritization*, and not for purposes of *risk evaluation*. But nothing in these provisions categorically prevents EPA from obtaining and considering sufficient information to conduct both a prioritization and a risk evaluation for each chemical substance. These provisions notwithstanding, EPA may, during prioritization, obtain further risk-related information. In fact, the preamble to the Prioritization Rule suggests that EPA will do just that: "EPA expects to consider the existence and availability of *risk-related information* on a candidate chemical substance before initiating the prioritization process." Procedures for Prioritization of Chemicals for Risk Evaluation Under the Toxic Substances Control Act, 82 Fed. Reg. 33,753, 33,758 (July 20, 2017) (emphasis added). Thus, neither of these subsections actually prevents EPA from—or indicates that it will not—consider all reasonably available information for purposes of both prioritization and risk evaluation. Petitioners' challenge therefore fails.

EPA's motion for partial voluntary remand is GRANTED. 40 C.F.R. § 702.31(d) is VACATED AND REMANDED and 40 C.F.R. § 702.37(b)(4) and (b)(6) are REMANDED. Petitioners' remaining challenges to the information-gathering provisions are DENIED.